## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHESAPEAKE APPALACHIA, L.L.C., | Case No. _____ |
| Plaintiff, | |
| v. | (Judge _____) |
| SCOUT PETROLEUM LLC and SCOUT PETROLEUM II LP, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Chesapeake Appalachia, L.L.C. ("Chesapeake" or "Plaintiff"), by and through its undersigned counsel, alleges for its complaint as follows, upon knowledge as to its own acts and upon information and belief as to all other matters:

### INTRODUCTION

1.      This is an action for a declaratory judgment and injunctive relief against Scout Petroleum LLC and Scout Petroleum II LP (collectively, "Defendants"). Defendants have sought to commence a "class arbitration" against Chesapeake, asserting claims related to their interests in certain oil and gas leases ("Leases") with Chesapeake (the "Arbitration").

2.     The Defendants expressly exclude from their claims and the Arbitration any leases that contain a "Market Enhancement Clause," the clause at issue in *Demchak Partners Limited Partnership v. Chesapeake Appalachia, L.L.C.*, 3:13-cv-02289, and *Chesapeake Appalachia, L.L.C. v. Burkett*, 3:13-cv-03073.

3.     Defendants have styled the Arbitration as a "class" arbitration in which they purport to assert claims on behalf of themselves and a putative class of thousands of landowners who have entered into leases with Chesapeake that Defendants allege are similar to Leases in which they hold an interest.  A copy of Defendants' Arbitration Demand is attached as Exhibit A.

4.     In this action, Chesapeake requests the Court issue two declarations. *First*, Chesapeake asks this Court to declare that the Court, not arbitrator(s), is to decide whether class arbitration is available pursuant to the Leases.  *Second*, Chesapeake asks this Court to declare that class arbitration is not available pursuant to the Leases.

5.     With respect to the first requested declaration, questions of arbitrability—such as whether class arbitration is available—are for courts to decide absent clear and unmistakable evidence that the parties intended to submit the question to arbitration.

6.     Following recent Supreme Court case law providing guidance on this question, several courts have decided this precise legal issue, and have repeatedly

held that whether class arbitration is available is for a court, not arbitrator(s), to decide absent clear and unmistakable evidence that the parties intended to submit the question to arbitration. *See Reed Elsevier, Inc. v. Crockett*, 734 F.3d 594, 598-99 (6th Cir. 2013); *Huffman v. Hilltop Companies, LLC*, No. 13-3938, 2014 WL 1243795, at *6 (6th Cir. Mar. 27, 2014); *Chassen v. Fidelity Nat. Financial, Inc.*, No. 09-291, 2014 WL 202763, at *6 (D.N.J. Jan. 17, 2014) (Sheridan, J.).

7.    The Leases attached to the Arbitration Demand do *not*—and *cannot*—provide clear and unmistakable evidence of intent to submit the question of class arbitrability to arbitration.  Accordingly, the question must be decided by a court.

8.    This is exactly what Judge Sheridan, of the U.S. District Court for the District of New Jersey, recently held based on a substantively-similar arbitration provision.  *See Chassen*, 2014 WL 202763, at *6.

9.    Similar to the plaintiff in *Reed Elsevier*, Chesapeake is thus seeking a declaration that a court, not arbitrator(s), is to decide whether class arbitration is available pursuant to the Leases.

10.    With respect to the second requested declaration, the arbitration provisions in the Leases, upon which Defendants base their Arbitration Demand, by their plain terms, do *not* authorize arbitration on a class basis.  Accordingly, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (the "FAA"), bars Defendants from

seeking to compel class arbitration, and the arbitrator(s) lack power to conduct such an arbitration.

11.     Chesapeake thus asks this Court to declare that Defendants are precluded, by law, from pursuing any claims in arbitration on behalf of any purported class.

12.     Chesapeake is also seeking further necessary and proper relief pursuant to 28 U.S.C. § 2202 in the form of injunctive relief enjoining Defendants from pursuing class claims in arbitration.

## PARTIES

13.     Plaintiff Chesapeake Appalachia, L.L.C. is a limited liability company organized and existing under the laws of the State of Oklahoma.  It is a wholly-owned subsidiary of Chesapeake Energy Corporation.  For the purposes of this action, Chesapeake is a citizen of Oklahoma pursuant to 28 U.S.C. §1332(d)(10).

14.     Defendant Scout Petroleum LLC, upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware, and owns interests in certain oil and gas Leases in which Chesapeake is the counterparty.

15.     Defendant Scout Petroleum II LP, upon information and belief, is a limited partnership organized and existing under the laws of the State of Delaware,

and owns interests in certain oil and gas Leases in which Chesapeake is the counterparty.

## JURISDICTION AND VENUE

16.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties.  The amount in controversy, exclusive of costs and interests, exceeds $75,000.

17.    This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants own interests under the Leases in the Commonwealth of Pennsylvania, and have initiated an arbitration related to their alleged interests in the Leases.

18.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the properties that is the subject of the action (the Leases) are located in the Commonwealth of Pennsylvania and in this District.

## FACTS

### The Relationship Between Chesapeake And Defendants

19.    Chesapeake entered into leases with landowners in Pennsylvania, pursuant to which Chesapeake has the right to explore for and produce gas from the landowners' property.

20.    Defendants have acquired interests in certain of these leases.

21.    These Leases consist of a Chesapeake lease as well as individually-negotiated addenda, if any.

22.     Defendants have received royalties from Chesapeake on gas produced by Chesapeake.

### Defendants' Arbitration Claims

23.     On March 17, 2014, Defendants filed their Arbitration Demand, asserting claims related to the Leases with Chesapeake and the calculation of royalties thereunder.   A copy of this Arbitration Demand is attached hereto as Exhibit A.

24.     In their Arbitration Demand, Defendants challenge Chesapeake's calculation of royalties allegedly owed to them.   In particular, Defendants claim that, pursuant to the "Payments to Lessors" provision in the Leases, their royalty payments may not be reduced by a pro rata share of certain post-production costs incurred.  *See* Ex. A ¶¶ 2, 13-17.  Chesapeake denies the asserted claims.

25.     Defendants, in their Arbitration Demand, seek to represent a putative class of "persons or entities who have received, or have the right to receive, royalty payments" under similar leases "covering mineral interests in Pennsylvania in the Marcellus Shale Formation."  *Id.* ¶ 4.

26.     Defendants seek to have arbitrator(s) decide whether the parties agreed to arbitrate this dispute on a class basis.  *See id.* ¶¶ 8-9.

**The Arbitration Provisions In The Leases**

27.     Defendants base their alleged right to bring a "class" arbitration on the

Leases.  Copies of these Leases are attached to the Arbitration Demand.

28.     The Leases contain the following arbitration provision:

> ARBITRATION.  In the event of a disagreement between Lessor and Lessee
> concerning this Lease, performance thereunder, or damages caused by
> Lessee's operations, the resolution of all such disputes shall be determined
> by arbitration in accordance with the rules of the American Arbitration
> Association. All fees and costs associated with the arbitration shall be borne
> equally by Lessor and Lessee.

*See, e.g.*, Ex. A at SCOUT I-000181.

29.     This arbitration provision does not provide for or otherwise

contemplate "class" arbitration; it contemplates only individual arbitration.

30.     By its terms, and as a matter of law, the Leases do not authorize

Defendants to commence any "class" arbitration or to assert claims in arbitration

on behalf of any other landowner.  Instead, the provision authorizes arbitration of

disputes "between Lessor and Lessee."

31.     Chesapeake never agreed to submit the question of whether

Defendants may proceed with a "class" arbitration to arbitration.  The Leases

provide no clear and unmistakable evidence to the contrary.

32.     The Leases, in fact, require that a court, not arbitrator(s), decide

whether class action arbitration is available because Chesapeake does not agree to

submit such questions to arbitration, through the Leases or otherwise.

33.     The AAA's Supplemental Class Rules, which Defendants cite in their Arbitration Demand, cannot constitute clear and unmistakable evidence that Chesapeake agreed to submit the question of class arbitrability to an arbitration panel because they expressly provide that "[i]n construing the applicable arbitration clause, the arbitrator shall ***not*** consider the existence of these Supplementary Rules, or any other AAA rules, to be a factor either in favor of or against permitting the arbitration to proceed on a class basis."  AAA Suppl. Rule 3 (emphasis added); *see also* Ex. A ¶ 8.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

34.     Chesapeake repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

35.     An actual and justiciable controversy exists between Chesapeake and Defendants concerning the question of *who* decides whether "class" arbitration is available pursuant to the Leases—a court or arbitrator(s).

36.     Chesapeake maintains that a court must decide questions of arbitrability, such as whether the original parties to the Leases agreed to arbitrate on a class basis.

37.     Defendants, on the other hand, seek to have arbitrator(s) decide whether the parties agreed to arbitrate this dispute on a class basis. *See* Ex. A ¶¶ 8-9.

38.     Chesapeake is entitled to a declaration that, as a matter of law, a court—not arbitrator(s)—must decide the class arbitrability question because Chesapeake did not agree, through its Leases or otherwise, to submit such questions to arbitration.

39.     Chesapeake is also entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of injunctive relief barring Defendants from further seeking to have arbitrator(s) decide the question of class arbitrability.

40.     WHEREFORE, Chesapeake respectfully requests judgment as follows:

> (i)     a declaration that a court, not arbitrator(s), must decide whether class action arbitration is available pursuant to the Leases; and
>
> (ii)    an order enjoining Defendants from continuing to submit this class arbitrability question to Arbitration; and
>
> (iii)   an order awarding such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment Pursuant to 28 U.S.C. §§ 2201, 2202)

41.     Chesapeake repeats and incorporates each and every allegation contained in the paragraphs above as if fully set forth herein.

42.     An actual and justiciable controversy exists between Chesapeake and Defendants concerning the arbitrability of the putative class claims that Defendants have brought in the Arbitration.

43.     Chesapeake maintains that Defendants' claims may not proceed on a "class arbitration" basis.

44.     Defendants, on the other hand, claim that they may proceed with their claims on a "class arbitration" basis.  *See* Ex. A ¶ 9.

45.     Chesapeake is entitled to a declaration that, as a matter of law, Defendants are precluded from pursuing arbitration of any claims on behalf of any purported class in the Arbitration or in any other arbitration because Chesapeake did not agree to, and the Leases do not authorize, the arbitration of disputes on a "class" basis.

46.     Chesapeake is also entitled to necessary and proper relief, pursuant to 28 U.S.C. § 2202, in the form of an injunction barring Defendants from continuing to pursue any class claims in the Arbitration or other arbitration because

Chesapeake did not agree to, and the Leases do not authorize, the arbitration of disputes on a class basis.

47.     WHEREFORE, Chesapeake respectfully requests judgment as follows:

> (i)     a declaration that Defendants are precluded from pursuing against Chesapeake, in the Arbitration or in any other arbitration, any claims in arbitration on behalf of any purported class; and
>
> (ii)     an order enjoining Defendants from continuing to pursue against Chesapeake, in the Arbitration or in any other arbitration, the arbitration of any claims on behalf of any purported class; and
>
> (iii)     an order awarding such other and further relief as the Court deems just and proper.

Dated:  April 1, 2014                         Respectfully submitted,

                                              /s/   Daniel T. Brier
                                              Daniel T. Brier
                                              PA Bar ID No. 53248
                                              dbrier@mbklaw.com
                                              Myers, Brier & Kelly LLP
                                              425 Spruce Street, Suite 200
                                              Scranton, PA 18503
                                              Tel: (570) 342-6100
                                              Fax: (570) 342-6147

                                              Daniel T. Donovan (*pro hac vice*
                                                   forthcoming)
                                              Ragan Naresh (*pro hac vice*
                                                   forthcoming)
                                              Kirkland & Ellis LLP
                                              655 Fifteenth Street, NW
                                              Washington, DC 20005
                                              Tel: (202) 879-5000
                                              Fax: (202) 879-5200

                                              *Attorneys for Chesapeake Appalachia,
                                              L.L.C.*